# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **GEORGE PANFUNDI and TOBEY L. PAFUNDI,**            **Plaintiffs,** <br> **vs.** <br> **FIRST SECURITY BANK, et al,** <br>           **Defendants.** | CASE NO: CV05-315-S-EJL <br><br> **MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter are various motions filed by George Pafundi and Tobey L. Pafundi ("Pafundis") in relation to the complaint for possession of real property initiated by Wells Fargo Bank Northwest, N.A. ("Wells Fargo") filed in state court. The Pafundis have removed the action from state court pursuant to 28 U.S.C. §§ 1331, 1441. In the notice of removal the Pafundis identify themselves as the Plaintiffs in this action. Simultaneous to the removal the Pafundis filed a "verified complaint" in addition to other motions including a demand for injunctive relief.  The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubt as to the right of removal is resolved in favor of remand.[1] Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

---

[1] This Court always undertakes an immediate review of a newly filed case to confirm that federal jurisdiction is proper. See Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986).

MEMORANDUM ORDER-Page 1
05ORDERS\Pafundi

**Discussion**

The removal petition seeks to invoke this Court's jurisdiction pursuant to § 1331 which instructs that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Pafundis contend original jurisdiction exists based upon claims raised in their verified complaint alleging violations of federal law including the Uniform Commercial Code, the Truth in Lending Act, and the Fair Debt Collection Practices Act. By doing so, the Pafundis attempt to assume the mantle of plaintiffs in this case. However, the power of removal is limited to defendants only. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107 (1941). The Pafundis were initially able to remove this action to federal court because of their status as defendants in the state action. Now that they have removed the case, they cannot convert their status to plaintiffs in order to meet the jurisdictional requirements necessary to remain in the federal forum.

The Court, instead, must assess the nature of this case by reviewing the complaint filed in state court. In this regard, the "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Cal. ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000). Under that rule, the potential or probable assertion of a federal defense is insufficient to confer federal jurisdiction. Id. at 1014-15. "Only actions that originally could have been filed in federal court may be removed to federal court by the defendant." Audette v. ILWU, 195 F.3d 1107, 1111 (9th Cir. 1999). "The plaintiff is the 'master of the claim' and may avoid federal jurisdiction by 'exclusive reliance on state law.'" Id. Further, even construing the verified complaint as an assertion of counterclaims does not save the Pafundis because any "federal question defendants raise in their counterclaims does not provide a basis for removal." Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 822 (9th Cir.1985).

Here, a review of Wells Fargo's complaint reveals that the action is grounded solely on state law. The complaint is raised pursuant to Idaho Code § 6-311C seeking a writ of restitution as to the property at issue and a judgment declaring the Pafundis as unlawful detainers of the premises and ordering them to relinquish possession of the premises. Thus, Wells Fargo's "well-pleaded complaint" does not support federal question jurisdiction. Accordingly, the Court lacks federal question jurisdiction over this matter, and the case will be remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

Moreover, the removal in this case is untimely. The procedure for removal is governed by 28 U.S.C. § 1446 which requires that a defendant file such notice of removal within thirty days "after the receipt by the defendant...of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, which ever period is shorter." 28 U.S.C. § 1446(b). The complaint in this action was filed in state court on March 10, 2005 and the summons on the complaint was served upon the Pafundis on the same day. The Pafundis filed an answer to the complaint in state court on March 25, 2005; the answer asserted several affirmative defenses including the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. The notice of removal was not filed in this Court until August 5, 2005; the date which the state court had set for a hearing on Well's Fargo's motion for summary judgment. While the Court cannot sua sponte remand an action for nonjurisdictional reasons, the Court notes the untimeliness of the motion as further grounds for remand.[2]

---

[2] Removals filed beyond the thirty days may be proper "[i]f the case stated by the initial pleading is not removable, . . . within thirty days of receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). This provision, however, does not apply in this case as the Defendants have failed to identify any paper subsequent to the complaint upon which it first became ascertainable that the case is one which may be removed. Just the opposite, the Defendants' asserted grounds for removal were raised in their answer to the complaint, evidencing the fact that, to the extent the removal is proper, it could have been timely sought within the thirty day requirement.

**ORDER**

Based on the foregoing and being fully advised in the premises, the Court **REMANDS** the action to the Fourth Judicial District of the State of Idaho, in and for the County of Ada under case number CVOC0501651D; and the Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court.

DATED: **August 9, 2005**

_/s/ Edward J. Lodge_
Honorable Edward J. Lodge
U. S. District Judge